**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

FILED

98 FEB 23 AM 9:20

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARK S. YOUNG, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action NO. CV97-S-465-NE |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) |

ENTERED

FEB 2 3 1998

### MEMORANDUM OPINION

This is a premises liability action.  Mark S. Young was injured on March 27, 1996, while shopping at the Wal-Mart store located at 3240 North Memorial Parkway, Huntsville, Alabama.  He commenced this action in the Circuit Court for Madison County, Alabama on January 23, 1997.  Defendant filed a notice of removal to this court on February 26, 1997, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1446.[1]  The action presently is before this court on plaintiff's motion for partial summary judgment on the issue of liability.  Upon consideration of pleadings, briefs, and evidentiary submissions, this court concludes the motion is due to be denied.

### I.  FACTS

Young entered the Wal-Mart store at approximately 12:10 p.m on March 27, 1996, with the intent of purchasing freezable ice packs

---

[1]Thus, this court will apply Alabama substantive law, and federal procedural law when considering the motion for summary judgment.  Hammer v. Slater, 20 F.3d 1137, 1140 (11th Cir. 1994).

33

and an ice chest. (Plaintiff's deposition at 37-40.) He walked to the store's sporting goods department and perused its selection of ice packs. (*Id.* at 51, 53.) After approximately three minutes, Young selected four ice packs and placed them in his shopping cart. (*Id.* at 54-55.) He was placing additional ice packs in the cart when struck in the head by canvas back packs and a chain, which fell from a ceiling-mounted display. (*Id.* at 55, 58, 62.) Young did not see the back packs prior to the accident, or when they began to fall. (*Id.* at 67.)

The display consisted of a four foot, five inch (4'5") long chain hanging from a plastic hook, which was attached to the metal brackets of an acoustic tile ceiling. (Vaughn deposition at 25, 70.) Back packs were connected to separate links of the chain. (Vaughn affidavit at 1.) The plastic hook connecting the chain to the ceiling broke, causing the display to fall. (Vaughn deposition at 24.) Young denies pulling the back packs or chain. (Young deposition at 65.)

## II.  DISCUSSION

Young claims that the doctrine of *res ipsa loquitur* requires this court to enter summary judgment on the issue of liability. In doing so, he misconstrues a long line of Alabama cases holding:

> proof of an accident and an injury is not enough to establish negligence. A premises owner is not an insurer of the safety of invitees, and the principle of res ipsa loquitur is not applicable. No presumption of negligence arises from the mere fact of an injury to an invitee,

2

        such as [plaintiff].    Simply put negligence must be
        proven.

*Lowe's Home Centers, Inc. v. Laxson*, 655 So.2d 943, 946 (Ala.
1995)(emphasis supplied); *see also Parrott v. Home Quarters
Warehouse, Inc.*, 699 So.2d 228 (Ala. Civ. App. 1997); *Ex parte
Mountain Top Indoor Flea Market, Inc.*, 699 So.2d 158 (Ala. 1997);
*Whiteside v. Movies 10*, 628 So.2d 546 (Ala. 1993); *Howell v. Cook*,
576 So.2d 227 (Ala. 1991); *Brown v. Autry Greer and Sons, Inc.*, 551
So.2d 1049 (Ala. 1989); *Bogue v. R & M Grocery*, 553 So.2d 545 (Ala.
1989); *Perry v. Hancock Fabrics, Inc.*, 541 So.2d 521 (Ala. 1989);
*Graham v. Wal-Mart Stores, Inc.*, 529 So.2d 938 (Ala. 1988); *Massey
v. Allied Products Co., Inc.*, 523 So.2d 397 (Ala. 1988); *Edwards v.
Hammond,* 510 So.2d 234 (Ala. 1987); *Shaw v. City of Lipscomb*, 380
So.2d 812 (Ala. 1980); *Gray v. Mobile Greyhound Park, Ltd.*, 370
So.2d 1384 (Ala. 1979); *Tice v. Tice*, 361 So.2d 1051 (Ala. 1978).

        Young attempts to limit the holdings of those opinions to
"slip and fall" cases. (Plaintiff's brief at 2.) Yet, *Lowe's Home
Centers, Inc. v. Laxson*, 655 So.2d 943 (Ala. 1995), involved
merchandise dropped on a customer by an employee; and, *Parrott v.
Home Quarters Warehouse, Inc.*, 699 So.2d 228 (Ala. Civ. App. 1997),
involved a customer who was struck by a shopping cart. Indeed,
none of the cases cited by plaintiff implicate claims for premises
liability. *See Ward v. Forrester Day Care, Inc.*, 547 So.2d 410
(Ala. 1989)(child injured at day care); *Smith v. Kennedy*, 195 So.2d

3

820 (Ala. App. 1966)(plaintiff burned while receiving permanent at hair salon); *Alabama Power Co. v. Berry*, 48 So.2d 231 (Ala. 1950)(child shocked by dangling power wire).

Accordingly, plaintiff's motion for partial summary judgment is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 20th day of February, 1998.

United States District Judge

**4**